IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00975-ZLW

LOUIS IVERY NEAL DIXON,

      Plaintiff,

v.

FIRST ARRESTING OFFICER, 09CR000580, and
SECOND ARRESTING OFFICER, 09CR000580,

      Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 2 6 2009

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

      This matter before the Court is the ***pro se*** Letter filed with the Court on June 17, 2009, by Plaintiff Louis Ivery Neal Dixon. Mr. Dixon currently is detained at the Arapahoe County Detention Facility in Centennial, Colorado. He seeks reconsideration of the Order of Dismissal and the Judgment entered on June 12, 2009, dismissing his Complaint and action. The Court must construe the Letter liberally because Mr. Dixon is proceeding ***pro se***. *See **Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will construe the Letter as a Motion to Reconsider and will deny the Motion.

      The Court dismissed the Complaint and action without prejudice because Mr. Dixon failed to cure all deficiencies noted in Magistrate Judge Boyd N. Boland's April 29, 2009, Order to Cure. Although Mr. Dixon filed his claims on a proper Court-approved form used in filing prisoners complaints and submitted a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, he failed to submit to the Court a certified copy of his trust fund account statement within the time allowed.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A postjudgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion. *Id.*; *see also Dalton v. First Interstate Bank*, 863 F.2d 702, 703 (10th Cir. 1988). A motion for reconsideration filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *Van Skiver*, 952 F.2d at 1243.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). The June 12, 2009, Order of Dismissal and the Judgment dismissed the Complaint and action without prejudice. The instant Motion was filed on June 17, 2009, which is within ten days of the final judgment in the instant action. *See* Fed. R. Civ. P. 6(a). The Motion properly is filed as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).

A motion to alter or amend that reiterates issues originally raised in an application and that seeks to challenge the legal correctness of a court's judgment by arguing that the district court misapplied the law or misunderstood the litigant's position correctly is asserted pursuant to Fed. R. Civ. P. 59(e). *See Van Skiver*, 952 F.2d at 1244. Upon consideration of the Motion and the entire file, the Court concludes, based on the following findings, that Mr. Dixon fails to demonstrate some reason why the

2

Court should alter or amend the June 12, 2009, Order of Dismissal and the Judgment in this action.

Mr. Dixon failed to submit a certified copy of his account statement within the time allowed. He did not ask the Court for an extension of time if he required more time to obtain a copy. As is indicated in the Motion to Reconsider, he was aware at the time the Court dismissed the action that he had not received a certified copy of his trust fund account statement and that he was required to submit the certified copy to the Court. Plaintiff had sufficient time to inform the Court of any difficulties he incurred with obtaining a certified copy of his account statement.

Therefore, the Motion will be denied. Mr. Dixon is reminded that because the instant action was dismissed without prejudice he may pursue his claims by filing a new action if he chooses. Accordingly, it is

ORDERED that Applicant's June 17, 2009, Letter (Doc. # 10) is construed as a Motion to Reconsider, filed pursuant to Fed. R. Civ. P. 59(e), and is denied.

DATED at Denver, Colorado, this _25_ day of _____June_____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  09-cv-00975-ZLW

Louis Ivery Neal Dixon
Prisoner No.  0903326
Arapahoe County Detention Facilities
P.O. Box 4918
Englewood, CO 80155-4918

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 6/26/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk